UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

BOZENA MROZIEWSKA,

                              Plaintiff,

        -against-

REGO II BORROWER, LLC and TJX
COMPANIES/TJ MAXX,

                              Defendants.

----------------------------------------X

Civil Action No.:
22-CV-

**NOTICE OF REMOVAL**

**Queens County**
**Index No.: 701010/2022**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:**

Defendants, REGO II BORROWER, LLC and THE TJX COMPANIES, INC i/s/h/a TJX COMPANIES/TJ MAXX ("defendants"), by their attorneys, SIMMONS JANNACE DELUCA, LLP, Allison C. Leibowitz, of counsel, upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

1.    On January 17, 2022, the above-captioned civil action was commenced and is now pending in the Supreme Court of the State of New York, County of Queens. A trial has not yet been had therein. A copy of the Summons and Complaint is annexed as **Exhibit "A"**. Defendants have served an Answer to plaintiff's Complaint. Copy of the Answer is annexed as **Exhibit "B"**.

2.    The action seeks monetary damages for injuries allegedly suffered by plaintiff, BOZENA MROZIEWSKA, allegedly caused by defendants.  Plaintiff's complaint sounds in negligence.

3.    The action involves a controversy between citizens of different states, in that: (a) plaintiff is a citizen of the State of New York, and (b) defendant, The TJX Companies, Inc. is now, and was at the time the action was commenced, incorporated pursuant to the laws of the State of Delaware with its principal place of business in Massachusetts.

4.    Plaintiff also sued REGO II BORROWER, LLC, a foreign limited liability company formed pursuant to the laws of the State of Delaware.  The residencies of all members of the limited liability companies are unknown.  Notwithstanding, REGO II BORROWER, LLC, is a nominal party. As such, any potentially non-diverse members of REGO II BORROWER, LLC, do not destroy diversity. See Marsala v. Target Stores, No. 13-CV-5334, 2013 U.S. Dist. LEXIS 176417 (E.D.N.Y. Dec. 16, 2013), Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc., 521 F. Supp. 1046 (S.D.N.Y. 1981).

5.    Diversity jurisdiction is generally determined by the face of the Complaint.  However, an exception to this rule exists where non-diverse defendants are fraudulently joined.

6.    It cannot be disputed that REGO II BORROWER, LLC, as owner of the premises, has no responsibility to operate, maintain, clean or repair the interior of the store.  According to Section

8.1 of the lease agreement in effect on the date of loss, The TJX Companies, Inc., as tenant, is responsible to maintain the interior of the premises.  According to Section 8.2, REGO II BORROWER, LLC, as owner, is only responsible for maintaining the foundation, exterior walls, roof drainage system, the structural parts of the premises and to the extent located within the floor and not readily accessible, utility, wiring, plumbing, pipes and conduits.  As plaintiff alleges she slipped on the floor of the interior of the premises, REGO II BORROWER, LLC would have no liability for the alleged condition.

7.   As TJX seeks removal based upon fraudulent joinder and diversity of citizenship, REGO II BORROWER, LLC's presence does not defeat diversity.  Under fraudulent joinder, "courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court."  Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2001); Allied Programs Corp. v. Puritan Ins. Co., 592 F. Supp. 1274, 1276 (S.D.N.Y. September 13, 1984) (quoting Nosonowitz v. Alleghany Beverage Corp., 463 F. Supp. 162, 163 [S.D.N.Y. January 12, 1978]) (joinder is fraudulent when "there can be no recovery [against the defendant] under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard").

8.    In addition, the amount in controversy exceeds $75,000. Plaintiff served a Response to Combined Demands dated May 2, 2022 and received by this office on May 5, 2022, including a response to a Demand for Damages. Therein, plaintiff deemed herself entitled to ten million ($10,000,0000.00) dollars. A copy of plaintiff's Response to Combined Demands (minus attachments) is annexed hereto as **Exhibit "C"**.

9.    This Notice of Removal is being filed within thirty (30) days after receipt by the petitioners of plaintiff's Response to Combined Demands, wherein plaintiff alleges damages over $75,000.

10.    Written notice of the filing of this Notice of Removal will be given to plaintiff promptly after the filing of this Notice.

11.    A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of Queens promptly after the filing of this Notice.

12.    Attached to this Notice, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

13.    By filing this Notice of Removal, defendants do not waive any defense which may be available to it, specifically including, but not limited to, its right to contest *in personam* jurisdiction over defendants, improper service of process and the absence of

venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, defendants pray that the above-captioned action now pending in the Supreme Court in the State of New York, County of Queens, be removed therefrom to this Court.

Dated:      Hauppauge, New York
            May 26, 2022

                          Simmons Jannace DeLuca, LLP


                          By:  /s/ Allison C. Leibowitz
                               Allison C. Leibowitz
                          Attorneys for Defendants
                          REGO II BORROWER, LLC and THE TJX
                          COMPANIES, INC. i/s/h/a TJX
                          COMPANIES/TJ MAXX
                          **Office & P.O. Address:**
                          43 Corporate Drive
                          Hauppauge, New York 11788-2048
                          (631) 873-4888

TO:   William Hamel, Esq.
      THE HAMEL LAW FIRM, P.C.
      Attorneys for Plaintiff
      **Office & P.O. Address:**
      11 Est 44th Street, 19th Floor
      New York, New York 10016
      (212)585-0600

711261